UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ABU HASHEM W.Q. MALICK, ET AL. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | NO. 3:13-cv-00669-VLB |
| VS. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A., ET AL. ) | |
| ) | |
| Defendants. ) | OCTOBER 16, 2015 |
| ) | |

### DEFENDANT, JPMORGAN CHASE BANK'S, N.A.'s TRIAL MEMORANDUM

The Defendant, JPMorgan Chase Bank, N.A., ("JPMC" or "Defendant"), submits this trial memorandum pursuant to the Court's standing trial instructions. JPMC has requested that the plaintiff provide trial exhibits and witnesses but has received no response. Accordingly, this memorandum only reflects JPMC's position. JPMC reserves the right to respond to any trial memorandum of the plaintiff, if submitted.

1. <u>Trial Counsel</u>

   Abu Hashem Malick – Pro Se Plaintiff

   Michael Traft
   Law Office of Michael J. Traft – Plaintiff's Pro Hac Vice Counsel
   One State Street, Suite 1500
   Boston, MA 02109
   (617)933-3877
   mtraft@traftlaw.com

   Roy W. Moss – Plaintiff's Local Counsel
   143 Rowayton Avenue
   Norwalk, CT 06853
   (203) 852-1907
   roywmoss@optimum.net

   Michael Wrona, Esq. and Meg R. Reid – Defendant's Counsel

3981511v.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Halloran & Sage LLP
1 Goodwin Square
225 Asylum Street
Hartford, CT 06107
(860)522-6103
wrona@halloransage.com
reid@halloransage.com

2. **Jurisdiction**: 28 U.S.C. § 1332

3. **Jury/Non Jury**: Non jury

4. **Length of Trial**: 2-3 days.

5. **Further Proceedings**: Only those necessary to address pending motions.

6. **Nature of Case**:

The Plaintiffs' claims arise out of damage to Abu Hashem W. Q. Malick's ("Hashem") residence during his incarceration. The damage allegedly occurred while JPMC was providing preservation services to the subject premises in connection with JPMC's foreclosure action. JPMC maintains that the Plaintiff has not and cannot demonstrate that JPMC had a duty to act, that JPMC breach any such duty or that JPMC was the actual or proximate cause of the Plaintiff's alleged damages.

Furthermore, the mortgage entered into between Hashem and JPMC expressly allows but does not require JPMC to take action to preserve the property in the case of abandonment or other circumstances. The mortgage further bars any liability for JPMC in its action or inaction in furtherance of preservation of the premises. Under the terms of the mortgage, JPMC cannot be found liable for the alleged vandalism, theft and/or damage sustained to the premises during Hashem's extended absence as a result of incarceration.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The mortgage provides, in pertinent part, as follows:

> 7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. . . . Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.
>
> \* \* \*
>
> 9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument . . . or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Proeprty and rights under the Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. . . . Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9. . . .

7. <u>Trial by Magistrate Judge</u>: JPMC does not consent to a Magistrate Judge.

8. <u>Evidence</u>:

   (a) Defendant's Witnesses:

   i. Franklin Dean
   Mortgage Research Officer
   JPMC
   825 Tech Center Drive, Floor 3
   Gahanna, OH 43230

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN & SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

He is expected to testify as to the authenticity of the mortgage, the Plaintiff's default history and JPMC's acquisition of the Loan from the Federal Deposit Insurance Corporation.

  ii. Janice Seymour
    Mortgage Banking Property Preservation Supervisor
    JPMC Bank
    825 Tech Center Drive, Floor 2
    Gahanna, OH 43230

  She is expected to testify regarding JPMC's attempts to preserve the subject premises.

  iii. JPMC reserves the right to call additional witnesses in rebuttal.

(b) Defendant's Exhibits:

  a. The mortgage, dated June 30, 2007
  b. Transcript of Depo of Abu Hashem W.Q. Malick, 9/15/2014
  c. Transcript of Depo of Shujaat Q. Malick, 9/15/2014
  d. Transcript of Depo of Shujaat Q. Malick, 9/17/2014
  e. Affidavit of Custodian of Records and Bates Labeled SLFS 145-148, 258-262 and 398-400 detailing preservation services provided to the Premises and respective dates

9. <u>Stipulations and Proposed Findings of Fact and Conclusions of Law</u>:

 (a) Stipulations: None due the lack of response from the Plaintiff

 (b) Proposed Findings of Fact:

On or about June 30, 2007, Hashem mortgaged the property known as 4405 Black Rock Turnpike in Fairfield, Connecticut (the "Property") to Washington Mutual Savings Bank ("Washington Mutual") in the amount of $417,000.00. *Amend. Compl.* at ¶ 7; *see also* Mortgage (Exhibit A); Depo. of Abu Hashem Malick at 38 (Sept. 15, 2014) (Exhibit B); Franklin Dean (Witness).

Despite the obligation to do so, Hashem has not made a payment on the existing mortgage since 2008. *Id.* at 39.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Hashem was incarcerated from at least November 2008 to May 25, 2012. *Id.* at 81, 86.

During Hashem's incarceration, no one was legally living at the Premises and it was unoccupied. *Id.* at 55-57; *see also* Amended Compl. at 16-18.

Hashem has "no clue" what happened to his personal belongings and appliances. *Id.* at 96.

Shujaat has no personal knowledge of who caused the damage to the Premises or took the personal property. Depo. of Shujaat Malick I at 50-51 (Sept. 15, 2014) (Exhibit C).

During Hashem's incarceration, he claims that his brother, Shujaat Malick ("Shujaat") was maintaining the Premises. Depo. of Abu Hashem Malick at 66.

Hashem and Shujaat never had any conversations prior to or during Hashem's incarceration wherein Hashem asked or Shujaat agreed to maintain the Premises. *Id.* at 66-68; Depo. of Shujaat Malick II at 6-7 (Exhibit D).

Hashem never asked Shujaat or anyone else to secure his valuables. Depo. of Abu Hashem Malick at 68-69.

During Hashem's incarceration, Shujaat never mowed the lawn, cleaned up leaves or shoveled snow at the Premises. Depo. of Shujaat Malick I at 23; *see also* Depo. of Shujaat Malick II at 25-26.

During Hashem's incarceration, Shujaat never paid any utility bills with respect to the Premises or entered the Premises to determine if there was heat. Depo. of Shujaat Malick I at 28.

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The electricity was disconnected a few months after Hashem's incarceration, Depo. of Shujaat Malick II at 63-64, and certainly at some point prior to October 2011. Depo. of Shujaat Malick I at 32.

During Hashem's incarceration, Shujaat never repaired broken windows or tried to cover broken windows at the Premises. *Id.* at 34.

During Hashem's incarceration, Shujaat visited the Premises "every now and then". Depo. of Shujaat Malick I at 58. The frequency ranged from once a week to once a month. *Id.* at 45, 58.

During Hashem's incarceration, Shujaat only entered the Premises when accompanied by someone else because he believes the Premises to be haunted. *Id.* at 20; *see also* Depo. of Shujaat Malick II at 36.

Shujaat never made any efforts to winterize the Premises. Depo. of Shujaat Malick I at 27-28.

From November 2010 to March 2011, Shujaat never entered the Premises. Depo. of Shujaat Malick I at 24-25.

The Premises is located close to the Merritt Parkway, a major route through Connecticut. Depo. of Shujaat Malick II at 26-28. It is located on Route 59, which is also a major route that runs through Easton. *Id.* at 28.

The Premises is located approximately four or five houses away from a motel. *Id.* at 27.

The motel is within walking distance to the Premises. *Id.* at 27-28.

Those individuals that knew of Hashem's incarceration and absence from the Premises included but are not limited to: INS agents providing 24 hour

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

surveillance from the house next door from 2001 until 2013, Depo. of Abu Hashem at 104-105; an individual that Shujaat spoke to when he saw him walking his dog near the Premises, Depo. of Shujaat Malick I at 21-22; various police officers, Depo. of Shujaat Malick I at Exhibits 8-12 thereto; Abu Anas, the friend who paid utilities and visited the Premises with Shujaat, Depo. of Shujaat Malick I at 54; one of Shujaat's daughters, Depo. of Shujaat Malick II at 32; people at the mosque, Depo. of Shujaat Malick II at 32; Hashem's friends, Depo. of Shujaat Malick II at 36.

From the state of the Premises during Hashem's incarceration, it was possible to determine that it was vacant just from looking at the Premises. Depo. of Shujaat Malick II at 43.

On or about March 11, 2011, Shujaat visited the Premises and observed that items were moved. Depo. of Shujaat Malick I at 11. He then returned on March 25, 2011 accompanied by police to enter the Premises, observed two windows were broken in the back of the Premises and confirmed that nothing was taken. *Id.* at 11 and 37-38.

Following this incident, Shujaat did not repair the window and returned in approximately October of 2011. At that time, he observed that the window and the back door were now open. Depo. of Shujaat Malick I at 12-13.

After Shujaat first observed that someone had entered the Premises in March 2011, he felt unable to do anything to protect the Premises because his own work was his priority. *Id.* at 22-24. He did not have time to fix the broken windows and was not asked to do so by Hashem. *Id.* at 24.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Shujaat may have thought that someone he knew was living at the Premises for short stays. Depo. of Shujaat Malick II at 46-48. He testified that it was possible that someone was living at the Premises prior to March 25, 2011.

Neither Hashem nor Shujaat ever communicated with anyone at JPMC about the contents of the Premises prior to the damage and loss claimed. *Id.* at 65; see also Depo. of Shujaat Malick I at 25.

Prior to Hashem's reporting the damage sustained to the Premises, JPMC had no knowledge of the contents of the Premises. Depo. of Abu Hashem Malick at 65-66.

Hashem does not believe that JPMC personally came and took his personal property. *Id.* at 84-85.

Beyond taking over the house and hiring Safeguard, Hashem cannot identify anything that JPMC did wrong. Id.; Abu Hashem Malick (anticipated testimony).

JPMC wrote to Hashem on several occasions indicating that it had received notification the Premises was vacant and seeking confirmation that he was maintaining the Premises indicating that JPMC was required to secure the property to prevent damage and protect JPMC and Hashem's interests. See Amend. Compl. at Exhibits 11 and 14.

JPMC acquired this loan from the FDIC. See Second Amend. Compl., §10-11.

(c) Proposed Conclusions of Law:

JPMC did not owe the Plaintiff a duty of care.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Even if JPMC owed the Plaintiff a duty of care, JMPC did not breach that duty of care.

If JPMC breached a duty of care owed the Plaintiff, that breach was not the actual or proximate cause of the Plaintiff's alleged damages.

By its plain and unambiguous language, the Mortgage precludes JPMC from incurring liability to the Plaintiff.

10. <u>Anticipated Evidentiary Problems</u>:

JPMC contemporaneously seeks dismissal of the plaintiff's complaint for lack of cooperation and noncompliance with the applicable orders.

In the absence of the Plaintiff's disclosure of anticipated exhibits and witnesses, JPMC is unable evaluate what if any opposition it may have to that evidence. Nonetheless, JPMC respectfully reserves the right to challenge proffered evidence up to and at the time of trial.

                                            DEFENDANT,
                                            JPMORGAN CHASE BANK, N.A.

                                            By <u> /s/Meg R. Reid </u>
                                                 Brian D. Rich
                                                 Fed. Bar No. ct24458
                                                 Meg Reid ct28338
                                                 Federal Bar No. ct28338
                                                 HALLORAN & SAGE LLP
                                                 225 Asylum Street
                                                 Hartford, Connecticut 06103
                                                 Tel:   860-522-6103
                                                 Fax:   860-548-0006
                                                 rich@halloransage.com
                                                 reid@halloransage.com

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of October 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/Meg R. Reid*
Meg Reid

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

- 10 -
HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105